UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MICHAEL TELEMAQUE, )
)
    Petitioner )
)
vs. ) Case No. 4:17-cv-00413-MHH-HNJ
)
SCOTT HASSELL, et al., )
)
    Respondents )

## **MEMORANDUM OPINION**

On April 7, 2017, the presiding magistrate judge entered a report in which he recommended that the Court dismiss without prejudice as premature petitioner Michael Telemaque's § 2241 petition for writ of habeas corpus to the extent that Mr. Telemaque seeks release from detention. The magistrate judge also recommended that the Court dismiss for lack of jurisdiction Mr. Telemaque's petition to the extent that Mr. Telemaque challenges the underlying removal order and conviction. (Doc. 6, p. 13).

The magistrate judge advised the parties of their right to file objections within 14 days. Mr. Telemaque filed objections to the magistrate judge's report and recommendation. (Doc. 7; Doc. 8; Doc. 9). Mr. Telemaque also filed an affidavit, and he has requested an evidentiary hearing. (Docs. 10, 11).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After careful consideration of the magistrate judge's report and recommendation and Mr. Telemaque's objections, affidavit, and motion for an evidentiary hearing, the Court ADOPTS the magistrate judge's report and ACCEPTS his recommendation that the Court dismiss without prejudice as premature the petition for writ of habeas corpus, to the extent that Mr. Telemaque seeks release from detention and that the Court dismiss for lack of jurisdiction the petition, to the extent that Mr. Telemaque challenges the underlying removal order and conviction.[1]

---

[1] Citing *United States v. Telemaque*, 632 Fed. Appx. 602, 603 (11th Cir. 2016), the report and recommendation states that Mr. Telemaque was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base in the United States District Court for the Northern District of Florida in 1977. (Doc. 6, p. 1); *see also United States v. Telemaque*, 632 Fed. Appx. at 603 ("In 1977, Telemaque having been convicted of conspiracy to possess with intent to distribute cocaine and cocaine base. . . ."). According to the electronic docket for Mr. Telemaque's criminal case in

The Court has reviewed the evidence that Mr. Telemaque recently filed. (Doc. 11). Although the evidence does not change the Court's decision, the Court does note the information that appears at Doc. 11-1, p. 19 and asks the respondent to please examine this information to determine whether it has a bearing on the effort to remove Mr. Telemaque from the United States.

The Court will enter a separate final order.

Done this 3rd day of November 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE

---

the Northern District of Florida, Mr. Telemaque was convicted in 1997, not 1977. (Doc. 198 in Case 1:96-cr-00020-MW-CRJ). The Court also clarifies the last paragraph on page 4 of the report and recommendation and notes that it was the original sentencing court in the Northern District of Florida that revoked Mr. Telemaque's supervised release associated with the 1997 conviction and sentenced Mr. Telemaque to prison for a term of 27 months. *See Telemaque*, 632 Fed. Appx. at 603.